UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD GAUL,
  *Plaintiff*,

v.

CITY OF NEW HAVEN, *et al.*,
  *Defendants*.

No. 3:14-cv-00558

**RULING GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

  Plaintiff Ronald Gaul brought this action under the Age Discrimination in Employment Act (ADEA) against the City of New Haven. Following a jury verdict in his favor on his ADEA claim, plaintiff has moved for an award of attorney's fees and costs. I will grant the motion in substantial part.

  A plaintiff who prevails in an ADEA action is entitled to be paid by the losing defendant a reasonable attorney's fee and for the costs of the action. *See, e.g., Detje v. James River Paper Corp.*, 167 F. Supp. 2d 248, 250 (D. Conn. 2001). The Court must determine a presumptively reasonable fee, based on a reasonable hourly rate and the number of reasonably expended hours. *See, e.g., Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011). To determine the reasonable number of hours and whether the requested compensable hours should be subject to reduction, the Court also considers "the degree of success obtained by the plaintiff," *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks and citation omitted), as well as the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989); *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 415 (2d Cir. 2010) (same). I have considered all of these factors and will address in this ruling only those objections raised by defendant.

Plaintiff seeks attorney's fees in the amount of $53,900. This is based on a total claim of 175.5 hours of attorney's services (billed at $350 per hour for trial time and $250 per hour for other time).

Defendant raises numerous objections to plaintiff's attorney's fee request. First, defendant complains that plaintiff has not submitted contemporaneous time records. But plaintiff has cured this concern with respect to her billing records filed with her reply brief.

Second, defendant complains that the billing summaries reflect impermissible block billing and vague time entries. The entries seem reasonably specific to me. I have no concerns about the accuracy of the billing entries, or any concerns that they have been inflated beyond hours actually worked by plaintiff's counsel.

Third, defendant complains that the billing entries contradict, in some instances, the Court's daily minute entry docket postings. Plaintiff replies that this overage is because of time reasonably spent in the courthouse before and after court sessions, such as while waiting for the jury verdict. I agree that these time billings are reasonable.

Fourth, defendant complains that the billings include time for plaintiff's counsel's travel to and from the courthouse, and that such time should be billed at only 50% of the full rate. I do not agree. Travel time was necessary for the prosecution of this case, and—in the absence of any showing that counsel's travel time was billed in whole or in part to any other client—there is no

just reason why an attorney's travel time should be subject to discount. *See, e.g., Hubbard v. Total Communications, Inc.*, 2010 WL 1981560, at *5 (D. Conn. 2010).

Fifth, defendant complains that plaintiff seeks fees for six hours that counsel devoted to representing plaintiff before the Connecticut Commission on Human Rights and Opportunities. This argument overlooks clearly established law: "Since Congress specifically authorized fee awards for private plaintiffs under the ADEA, and required that those plaintiffs at least give administrative proceedings a chance before commencing an action in federal court, we conclude that Congress intended a fee award under the ADEA to cover time spent on administrative proceedings that were a prerequisite to the action." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 282 (2d Cir. 1987).

Sixth, defendant complains that counsel spent 1.5 hours drafting and filing discovery requests that were "virtually identical" to requests previously served in another case. Because plaintiff's reply fails to respond to this argument, I will discount plaintiff's fee request by 1.5 hours.

Seventh, defendant complains that plaintiff has failed to prove that counsel's billing rate is reasonable. Plaintiff has cured this deficiency in her reply brief with the affidavit of Attorney John Williams. It was evident as well to me at trial that plaintiff's counsel is a highly capable and skilled trial attorney, and that those skills were indispensable to the success of her client in this case, in which his testimony alone stood against the contrary testimony of numerous police officers. His counsel was thoroughly prepared, organized, and adept at all stages of argument and examination of witnesses. Although the Court has been previously critical of the conduct of plaintiff's counsel in a different case, *see Miller v. Bridgeport Board of Education*, 2014 WL

3

3738057 (D. Conn. 2014), no such concerns appeared in counsel's conduct of the litigation in this case. Counsel's billing rate is reasonable.

In short, I conclude that plaintiff is entitled to reasonable attorney's fees of the amount requested ($53,900), subject to a reduction as explained above for 1.5 hours ($375, billed at $250/hour). This results in a total reasonable attorney's fee of $53,525.

Plaintiff further seeks costs in the amount of $1,049 (comprised of the $400 court filing fee, a $500 bond for costs, and $149 for subpoenas to two prospective witnesses). Defendant correctly objects to plaintiff's request that defendant reimburse the $500 bond for costs (rather than obtaining a refund from the Court). Nor does plaintiff explain why he should receive $25 in subpoena costs for a witness who did not testify. Plaintiff is entitled to defendant's payment of costs in the amount of $524.

For the foregoing reasons, plaintiff's motion for attorney's fees and costs (Doc. #92) is GRANTED in substantial part. Defendant City of New Haven shall pay plaintiff his attorney's fees in the amount of $53,525 and his costs in the amount of $524. The Clerk of Court shall refund plaintiff his $500 bond for costs.

It is so ordered.

Dated at New Haven this 12th day of May 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge