UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD GAUL,
    *Plaintiff*,

v.

CITY OF NEW HAVEN, *et al.*
    *Defendants*.

No. 3:14-cv-00558 (JAM)

RULING ON MOTION FOR REINSTATEMENT OR FRONT PAY
AND FOR PREJUDGMENT INTEREST

Plaintiff Ronald Gaul brought this action under the Age Discrimination in Employment Act (ADEA) against the City of New Haven. Following a jury verdict in his favor, plaintiff has moved for reinstatement or, in the alternative, an award of front pay, and for prejudgment interest (Doc. #93). I have previously granted plaintiff's motion for an award of attorney's fees and costs. *See Gaul v. City of New Haven*, 2016 WL 2758251 (D. Conn. 2016).

The ADEA confers on the courts a "broad grant of remedial authority" with which district judges are encouraged to "fashion remedies designed to ensure that victims of age discrimination are made whole." *Banks v. Travelers Companies*, 180 F.3d 358, 364 (2d Cir. 1999). Among the forms of equitable relief explicitly authorized by the ADEA is reinstatement of a plaintiff's employment. *See id.* (citing 29 U.S.C. § 626(b)).

Reinstatement, coupled with an award of back pay, may be a preferred remedy because it "involve[s] the least amount of uncertainty" and "reestablish[es] the prior employment relationship between the parties and at the same time assure[s] the plaintiff of employment free of discrimination based on age." *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2d Cir. 1984).

1

The Second Circuit has recognized, however, that reinstatement is not always possible, because no position may be available or because animosity may impede the resumption of a reasonable employer-employee relationship. *See Banks*, 180 F.3d at 364. In such situations, a district court may order "a reasonable monetary award of front pay, that is, an award of future lost earnings." *Ibid*. "In contrast to back pay, which is determined by the jury in calculating the plaintiff's damages, an award of front pay under the ADEA is exclusively within the court's equitable discretion." *Ibid.*

Here, the City of New Haven has made no offer of reinstatement and has objected that plaintiff could not be reinstated without re-qualifying for the police academy as required under state law. I understand the City's position to reflect continuing hostility to plaintiff and the jury's verdict. If the City respected the jury's verdict, I have no doubt that the City would have undertaken every effort to make plaintiff whole and without interposing procedural roadblocks that would not now exist but for the fact the City chose to discriminate against plaintiff because of his age.[1] To the extent that the City seeks to hide behind the requirements of state law, the City has done nothing to show why such requirements should apply to a victim of the City's discrimination and why it could not seek a waiver of any such requirements in view that plaintiff would not be in the position that he is in absent the City's unlawful discrimination in violation of federal law.

Despite the City's failure to offer to reinstate plaintiff, I am not convinced that reinstatement is not possible or infeasible in this situation. Indeed, rather than arguing that reinstatement is not possible or infeasible, the City faults plaintiff on grounds that he has "failed

---

[1] In a similar blame-the-victim strategy, the City faults plaintiff for "refus[ing] the option to resign, which would have allowed him to reapply to the Academy to continue with training to be a police officer." Doc. #96 at 3. This argument nonsensically assumes that the burden should have been on plaintiff to resign in the face of discrimination rather than the burden on the City to remedy the discrimination in the first place.

2

to demonstrate that reinstatement is an inappropriate remedy under the circumstances of this case," and the City faults plaintiff's failure to show that "[t]here is no realistic possibility that plaintiff would be exposed to any animosity at the New Haven Police Academy if he sought training in the next available class." Doc. #96 at 4.

Because reinstatement is the preferred remedy under the law, and because neither party has demonstrated that reinstatement is infeasible here, I will grant the remedy of reinstatement. *See, e.g.*, *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 2014 WL 1514235, at *4 (E.D.N.Y. 2014) (finding plaintiff entitled to reinstatement despite defendant's position that reinstatement was inappropriate). As plaintiff testified at trial and as his counsel reiterated in support of his motion, it has long been plaintiff's dream to serve as a police officer for the City of New Haven. Dreams do not always have value in dollars. To the extent that my responsibility is to try to make plaintiff whole for the harm that he suffered as a result of the discrimination against him, it is appropriate to require the City of New Haven to reinstate plaintiff to a position with the New Haven Police Department and to require that plaintiff be offered a position in the next New Haven police academy training class.

Accordingly, provided that plaintiff continues to wish to serve as a New Haven police officer, I will grant plaintiff reinstatement to a position in the next officer training class at the New Haven police academy. To the extent that the City believes any requirement of state law must be satisfied before plaintiff may commence the police academy, the City shall fully and promptly advise and cooperate with plaintiff so that he may timely meet each and every one of such requirements.

If plaintiff opts not to be reinstated, however, I find that plaintiff is not entitled to the alternate remedy of front pay. Although plaintiff's motion seeks ten years of front pay (Doc. #93

3

at 5), this claim runs contrary to plaintiff's own pre-trial damages analysis that sought only one year of front pay in the amount of $64,377 (Doc. #100 at 9). It appears that the amount of front pay requested ($64,377) is based on plaintiff's expected salary for this year if he had worked as a police officer. As disclosed at the hearing on this motion, however, plaintiff has earned through his employment with Roto-Rooter *more* money than his police officer salary since the date of verdict last April. Accordingly, there is no basis for the Court to award front pay, because plaintiff has not established that he has or will lose future earnings for the year since the date of the jury's verdict in this case.

Plaintiff further claims that he should receive pension benefits. But plaintiff has not adduced any evidence of what the pension benefits should be, and he has not explained how any such pension benefits should be offset by any benefits he has received in connection with his other forms of employment. Accordingly, there is no basis for the Court to enter a compensatory award of pension benefits.

Lastly, plaintiff claims pre-judgment interest, and the City agreed at the hearing of this motion that an award of pre-judgment interest would be appropriate. Most courts in the Second Circuit calculate prejudgment interest by applying the rate of interest provided in 28 U.S.C. § 1961. *See, e.g.*, *Shorter v. Hartford Fin. Servs. Grp., Inc.*, 2005 WL 2234507, at *7 (D. Conn. 2005). Section 1961 states, in relevant part, that "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

My calculation of prejudgment interest involves three steps: (1) plaintiff's back pay award should be divided over the appropriate time period (from the date of his termination

through the date of the judgment); (2) the rate of interest referred to in § 1961 should be applied;

and (3) the interest should be compounded annually. *See Joseph v. HDMJ Rest., Inc.*, 970 F.

Supp. 2d 131, 152 (E.D.N.Y. 2013).

At the first step, plaintiff's back pay award of $64,047.00 is divided by 44 months

(August 2012 through April 2016), resulting in $1,455.61 per month or $17,467.36 per year in

back pay. At step two, the relevant rate of interest for the calendar week preceding the date of the

judgment is 0.55%. *See* Board of Governors of the Federal Reserve System,

https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (historical data for April 8,

2016). Applying this interest rate and compounding the interest annually results in an award of

$933.98 in prejudgment interest.[2] *See Hogan v. Gen. Elec. Co.*, 144 F. Supp. 2d 138, 141 & n.3

(N.D.N.Y. 2001).

## CONCLUSION

Plaintiff's motion for reinstatement or, in the alternative, front pay and prejudgment

interest (Doc. #93) is GRANTED in part and DENIED in part. Plaintiff is entitled to

reinstatement but not to an award of front pay if he chooses not to be reinstated. Plaintiff is not

entitled to an award of pension benefits. Plaintiff is entitled to an award of prejudgment interest

in the amount of $933.98.

---

[2]

| Year | Back pay | Interest rate | Interest | Back pay + interest |
|---|---|---|---|---|
| 8/2012-8/2013 | $17,467.36 | 0.55% | $96.07 | $17,563.43 |
| 8/2013-8/2014 | $35,030.79 | 0.55% | $192.67 | $35,223.46 |
| 8/2014-8/2015 | $52,690.82 | 0.55% | $289.80 | $52,980.62 |
| 8/2015-4/2016 (8 mos.) | $64,625.50 | 0.55% | $355.44 | $64,980.94 |
| Total | | | **$933.98** | |

5

Plaintiff's counsel shall advise the City's counsel in writing no later than December 5, 2016, whether plaintiff wishes to be reinstated. If plaintiff wishes to be reinstated, the City shall immediately enroll plaintiff in the next police academy training class and, to the extent that there are any independent state law requirements that plaintiff must satisfy prior to commencing the police academy class, the City shall fully and promptly cooperate with plaintiff to ensure that he has every opportunity to timely satisfy such requirements.

It is so ordered.

Dated at New Haven this 15th day of November, 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge